UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA VICTORIA BURBANO, <br> Plaintiff <br> v. <br> CAROLYN W. COLVIN, Acting Commissioner of Social Security, <br> Defendant. | Case No. 8:15-CV-01108-GJS <br><br> **MEMORANDUM, OPINION, AND ORDER** |

## I.   PROCEDURAL HISTORY

Plaintiff Linda Victoria Burbano ("Plaintiff") filed a complaint seeking review of Defendant Commissioner of Social Security's ("Commissioner") denial of her application for Supplemental Security Income.  The parties filed consents to proceed before the undersigned United States Magistrate Judge [Dkt. 11, 12] and motions addressing disputed issues in the case [Dkt. 20 ("Pltf.'s Br.") & Dkt. 21 ("Def.'s Br.")].  The Court has taken the motions under submission without oral argument.

## II.   ADMINISTRATIVE DECISION UNDER REVIEW

On June 4, 2012, Plaintiff filed an application for Supplemental Security Income payments, alleging that she became disabled as of March 27, 2007.  [Dkt. 15, Administrative Record ("AR") 23.]  The Commissioner denied her initial claim

for benefits. [AR 103-108.] On October 23, 2013, a hearing was held before Administrative Law Judge ("ALJ") Helen E. Hesse. [AR 39-58.] On November 5, 2013, the ALJ issued a decision denying Plaintiff's request for benefits. [AR 23-33.]

Applying the five-step sequential evaluation process, the ALJ found that Plaintiff was not disabled. *See* 20 C.F.R. § 416.920(b)-(g)(1).[1] At step one, the ALJ concluded that Plaintiff "has not engaged in substantial gainful activity since June 4, 2012, the application date." [AR 25.] At step two, the ALJ found that Plaintiff suffered from "the following severe impairments: lumbar spondylosis; lumbar spondylolisthesis; status post fracture at L1; status post fusion from T12 to L1." [*Id.*] (internal citations omitted.) Next, the ALJ determined that Plaintiff did not "have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments." [AR 27.]

The ALJ found that Plaintiff had the following residual functional capacity (RFC):

> Light work as defined in 20 CFR 416.967(b) with the following function-by-function limitations: lift/carry 20 pounds occasionally, 10 pounds frequently; stand/walk 2 hours in an 8 hour day with the use of a cane for prolonged ambulation; sit for 6 hours in an 8 hour day, with normal breaks; is precluded from operating foot controls with bilateral lower extremities; can

---

[1] To decide if a claimant is entitled to benefits, an ALJ conducts a five-step inquiry. 20 C.F.R. § 416.920. The steps are as follows: (1) Is the claimant presently engaged in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two; (2) Is the claimant's impairment severe? If not, the claimant is found not disabled. If so, proceed to step three; (3) Does the claimant's impairment meet or equal the requirements of any impairment listed at 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, the claimant is found disabled. If not, proceed to step four; (4) Is the claimant capable of performing his past work? If so, the claimant is found not disabled. If not, proceed to step five; (5) Is the claimant able to do any other work? If not, the claimant is found disabled. If so, the claimant is found not disabled. 20 C.F.R. § 416.920(b)-(g)(1).

> occasionally bend, stoop, kneel, crouch, crawl, and climb stairs, but is precluded from climbing ladders, ropes, or scaffolds and working at unprotected heights; is precluded from operating dangerous moving machinery, and is precluded from driving automotive equipment due to side effects from medication.

[*Id.*] Applying this RFC, the ALJ found that Plaintiff is unable to perform past relevant work experience, but determined that based on her age (31 years old at time of application), limited education (11th grade), and ability to communicate in English, she could perform the "the requirements of representative occupations such as: (1) document preparer, general office…[and] (2) telephone quotation clerk," and thus, is not disabled. [AR 32-33.] Plaintiff sought review from the Appeals Council, which denied review. [AR 1-3.]

### III. GOVERNING STANDARD

Under 42 U.S.C. § 405(g), the Court reviews the Commissioner's decision to determine if: (1) the Commissioner's findings are supported by substantial evidence; and (2) the Commissioner used correct legal standards. *See Carmickle v. Commissioner*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation and quotations omitted); *see also Hoopai*, 499 F.3d at 1074. The Court will uphold the Commissioner's decision when the evidence is susceptible to more than one rational interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" *Robbins v. Comm'r of Soc. Sec. Admin.,* 466 F.3d 880, 882 (9th Cir. 2006) (quoting *Hammock v. Bowen,* 879 F.2d 498, 501 (9th Cir. 1989)).

///

///

3

## IV. DISCUSSION

### A. The ALJ's Decision Sets Forth Specific Reasons for Finding Plaintiff Not to Be Credible.

Plaintiff's first challenge is that the ALJ did not provide specific reasons for rejecting Plaintiff's testimony about her symptoms. "[T]o ensure our appellate review is meaningful,…we require the ALJ to 'specifically identify the testimony [from a claimant] she or he finds not to be credible and…explain what evidence undermines the testimony.'" *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1102 (9th Cir. 2014) (quoting *Holohan v. Massanari,* 246 F.3d 1195, 1208 (9th Cir. 2001)). Accordingly, "[g]eneral findings are insufficient." *Id.* (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)). And as the Ninth Circuit held in *Treichler*, "boilerplate statement[s]" and "introductory remark[s]," *without more*, "fall[] short of meeting the ALJ's responsibility to provide 'a discussion of the evidence' and 'the reason or reasons upon which' [her] adverse determination is based." *Id.* at 1103.[2]

Here, Plaintiff claims that the ALJ violated her duty to provide specific reasons because the ALJ, according to Plaintiff, gave only the following boilerplate:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision.

---

[2] Relevant here, the Ninth Circuit explained in *Treichler* that "after making [a certain] boilerplate statement, the ALJs typically identify what parts of the claimant's testimony were not credible and why." *Treichler*, 775 F.3d at 1103. Thus, it is fair to say that there is no black letter rule against using boilerplate introductory statements.

[Pltf.'s. Br. at 6 (quoting AR 28).] And this Court would agree, if that were the only thing the ALJ said about Plaintiff's credibility. But the ALJ said far more.[3] First, the ALJ explained "the fact that medications help in any way, to reduce the severity of pain symptoms undermines the claimant's credibility as to the severity of disabling pain." Second, the ALJ explained, "claimant provided inconsistent reports regarding the type of impairment related symptoms" to various medical professionals. [AR 28.] Third, she contrasted Plaintiff's description of her daily activities with her complaints of disabling symptoms provided to the Commissioner and to medical professionals. [AR 22.] Fourth, the ALJ reported that Plaintiff's "[s]ymptom severity and limitations alleged by the claimant are not fully substantiated by the medical findings or laboratory findings in the record." [AR 29.] Lastly, the ALJ found, "the record demonstrates evidence of malingering, particularly, with respect to her use of a cane." [AR 30.]

Plaintiff's own brief further undercuts her position. After claiming that the ALJ's decision does not present specific reasons for discounting her testimony, Plaintiff attacks the ALJ's reasons for finding her not to be credible. [*See, e.g.*, Pltf.'s. Br. at 7 ("It next appears that the ALJ rejects Ms. Burbano's testimony based on a belief that the testimony is not credible because it lacks the objective medical evidence."); *id.* at 8 ("The ALJ also states as a rationale to reject the testimony that Ms. Burbano has made inconsistent statements and describes daily activities not limited to the extant [sic] the ALJ expects."); *id.* at 9 ("The ALJ also cites to a perceived inconsistency in Ms. Burbano's statements to her physicians."); *id.* at 10 ("The ALJ's next insufficient rationale is that Ms. Burbano's sporadic minimal activities of daily living undermines her credibility."); *id.* at 11 ("The ALJ also

---

[3] Whether the ALJ stated her bases for her credibility determination is a question different from whether the ALJ's reliance on those bases was appropriate. The latter is addressed *infra* at Part IV.B.

5

rejects Ms. Burbano because the ALJ believes that there is evidence of malingering on Ms. Burbano's part.").] Accordingly, the ALJ provided specific reasons for the credibility determination.

### B. The ALJ Failed to Provide Legally Sufficient Reasons for Rejecting Plaintiff's Credibility.

The next question is whether the ALJ properly found Plaintiff not to be entirely credible. Here, because the ALJ determined that Plaintiff suffered from physical impairments, the ALJ could reject her testimony only upon finding "affirmative evidence" of malingering or by expressing "clear and convincing reasons" for doing so. *Smolen v. Chater,* 80 F.3d 1273, 1283-84 (9th Cir. 1996); *see also Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) ("Unless there is affirmative evidence showing that the claimant is malingering, the Commissioner's reasons for rejecting the claimant's testimony must be 'clear and convincing.'" (quoting *Lester*, 81 F.3d at 834)). The factors to be considered in weighing a claimant's credibility include: (1) the claimant's reputation for truthfulness; (2) inconsistencies either in the claimant's testimony or between the claimant's testimony and her conduct; (3) the claimant's daily activities; (4) the claimant's work record; and (5) testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which the claimant complains. *See Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002); *see also* 20 C.F.R. § 416.929(c).

Plaintiff alleges that she suffers from significant pain and limitations due impairments she received as a result of a motor vehicle accident in 2007. [AR 43, 46, 48.] Plaintiff reported problems sitting, standing, lifting, walking, and driving. [AR 46.] At the administrative hearing, Plaintiff testified that she does not exercise and her daily activities include cleaning up around her house and washing dishes. [AR 47.] Plaintiff stated that she is limited to sitting for thirty to forty-five minutes before needing to stand for fifteen minutes and then rest for ten minutes. [AR 56,

291, 293.] Plaintiff also stated that she is limited to standing for ten to fifteen minutes before needing to sit down. [AR 56.]

The ALJ found that although Plaintiff's medically determinable impairments could reasonably be expected to cause some of Plaintiff's alleged symptoms, Plaintiff's allegations concerning the intensity, persistence, and limiting effects of her symptoms were not credible to the extent alleged. [AR 28.] The ALJ discredited Plaintiff's subjective symptom testimony on the grounds that Plaintiff's complaints were internally inconsistent, inconsistent with other evidence in the record, and her pain complaints were unsupported by objective medical evidence. [AR at 28.] In addition, the ALJ indicated malingering with respect to Plaintiff's use of a cane. [AR at 30.] The Court discusses and rejects these reasons as set forth below.

### 1. The Effectiveness of Plaintiff's Pain Medication

First, the ALJ found Plaintiff's testimony that "she is unable to work due the severity and limiting effects of pain symptoms" not convincing, because it purportedly is inconsistent with Plaintiff's later testimony that her "medications provided relief from impairment related symptoms." [AR 28], S*ee* 20 C.F.R. § 416.929(c)(3)(iv); *see also Warre v. Comm'r*, 439 F.3d 1001, 1006 (9th Cir. 2006) (explaining that impairments that can be controlled effectively with medication are not disabling for purposes of determining eligibility for benefits). However, Plaintiff testified that her constant back pain was only *minimally helped* by pain medication. At the hearing, Plaintiff stated that her current muscle relaxer helps the "leg jumpiness" and "charlie horses" she had been experiencing, but the Vicodin was "so-so" at helping her back pain. [AR 48-49.] Plaintiff also stated that she tried taking stronger pain medications but "they made [her] really sick." [AR 49.] Thus, based on the record, the ALJ's finding that medications controlled Plaintiff's symptoms and that her testimony therefore is inconsistent is not supported by

7

substantial evidence and was not a legally sufficient reason to find Plaintiff not fully credible.

### 2. Inconsistent Reports to Medical Professionals

Second, the ALJ's reliance on Plaintiff's "inconsistent reports [to medical professionals] regarding the type of impairment related symptoms" is not convincing, as it rests on purported "inconsistencies" that do not exist. [AR 28.] There is no apparent inconsistency between Plaintiff's statements that her impairments, which she claims cause her substantial pain [AR 46], are sometimes associated with numbness, and at other times, are not. [AR 348, 362, 419, 459.] No medical expertise is required to understand that pain can vary and may not always correlate with numbness. The ALJ overlooked the very real possibility that Plaintiff's back pain is not always associated with numbness and the ALJ failed to question Plaintiff about this or otherwise develop the record. Thus, as to this ground, the ALJ's credibility determination is inadequate.

### 3. Plaintiff's Performance of Daily Activities

Third, the ALJ's reliance on Plaintiff's alleged inconsistent reports regarding her daily activities as a basis for finding her not credible is not convincing. [AR 28], *See Bunnell v. Sullivan*, 947 F.2d 341, 346 (9th Cir. 1991) (an ALJ may consider a claimant's daily activities when weighing credibility). The ALJ found inconsistent Plaintiff's statements in her Functional Report that, as the ALJ described them, "she is able to prepare meals, that she is able to drive, and that she is able to do laundry, all at a greatly reduced rate" and that her "pain symptoms are so severe as to limit her daily activities to watching television." [AR 28-29.] However, the ALJ misconstrued Plaintiff's statements in her Functional Report and mistakenly found her statements to be inconsistent. In Plaintiff's Functional Report, she stated that *her hobby* is watching television, not that her daily activities are limited to watching television. [AR 288-290.] There simply is no inconsistency between these two statements.

The ALJ also found that Plaintiff's subjective complaints and alleged limitations are inconsistent with her ability to engage in ordinary daily activities, citing a treatment note from an urgent care visit, which states that Plaintiff "does a lot of house work and child care requiring some bending and kneeling." [AR 29, 584.] A claimant's ability to engage in some physical activities is not necessarily inconsistent with a finding of disability. *See Gallant v. Heckler*, 753 F.2d 1450, 1453 (9th Cir. 1984). Rather, an ability to take part in physical pursuits bears on a claimant's credibility only to the extent that the level of activity is in fact inconsistent with the alleged limitations. *See Reddick*, 157 F.3d at 722. Here, the ALJ's reasons are not convincing, as they rest on an incomplete and unfair construction of Plaintiff's statements in the record. The ALJ noted some of Plaintiff's stated activities but then failed to account for the significant qualifications on her abilities to engage in such activities that she noted. The ALJ ignored, for instance, that Plaintiff stated in her Functional Report that it takes her *all day* to do household chores, because she has to pace herself. [AR 315-16.] At most, the ALJ highlights an ambiguity in the record as to how much housework and childcare Plaintiff performs. As such, this could not serve as a "clear and convincing" reason to find Plaintiff not to be credible. *See Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) ("many home activities are not easily transferable to what may be the more grueling environment of the workplace, where it might be impossible to periodically rest or take medication"); see also *Rollins v. Massanari*, 261 F.3d 853, 859 (9th Cir. 2001) ("an ALJ cannot seek to justify negative credibility findings by 'ignoring competent evidence in the record that suggests an opposite result.'") (quoting *Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984)).

Furthermore, contrary to the ALJ's finding, it is not apparent from the cited treatment note that Plaintiff's ability to do "a lot of housework or childcare" is inconsistent with her statements that she needs help to prepare meals and do laundry, as there was no testimony or other evidence regarding what Plaintiff

9

considers to be "a lot of housework or childcare," how long these activities take her to complete, and whether any of these activities can be completed without help. Thus, the record fails to show that Plaintiff's asserted housework and childcare activities are inconsistent with her allegedly disabling symptomatology.

### 4. The Objective Medical Evidence

Fourth, the ALJ found that there was a lack of objective evidence to support Plaintiff's claim of severe back pain, because Plaintiff's primary physician and orthopedic physician found that Plaintiff had normal motor strength and reflexes in all extremities, no palpable tenderness, and a normal heel-toe reciprocal gait. [AR 29, 459-63.] As the ALJ's three prior reasons for finding Plaintiff not credible do not constitute clear and convincing reasons, the ALJ's fourth reason, on its own, cannot constitute a valid basis for her adverse credibility determination. *Burch*, 400 F.3d at 681 ("lack of medical evidence cannot form the sole basis for discounting pain testimony"); *see also Bunnell*, 947 F.2d at 346-47 ("the adjudicator may not discredit a claimant's testimony of pain and deny disability benefits solely because the degree of pain alleged by the claimant is not supported by objective medical evidence," because "[i]f an adjudicator could reject a claim of disability simply because a claimant fails to produce medical evidence supporting the severity of the pain, there would be no reason for an adjudicator to consider anything other than medical findings").

### 5. Evidence of Malingering

Finally, the ALJ found Plaintiff's "presentation to the consultative examination with the use of a cane is disproportionate to the severity of the symptoms as supported by the record, and is evidence of malingering that further undermines [Plaintiff's] credibility." [AR 30.] However, the examining physician made no findings that Plaintiff's use of a cane was unusual or otherwise indicative of malingering. In fact, upon testing, the examining physician found that Plaintiff's gait was slow and "moderately antalgic." Moreover, and critically, the medical

10

1  expert *and* the ALJ found that Plaintiff does in fact need a cane for prolonged
2  ambulation. [AR 27, 31.] Therefore, Plaintiff's use of a cane during the
3  consultative examination did not constitute a legally sufficient basis for concluding
4  that Plaintiff is a malingerer or rejecting her credibility. *See*, *e.g.*, *Leitheiser v.*
5  *Astrue*, No. CV 10-6243-SI, 2012 WL 967647 at *10-11 (D. Or. Mar. 16, 2012)
6  (ALJ's adverse credibility finding was legally erroneous and not supported by
7  substantial evidence where the physician did not attribute plaintiff's pain complaints
8  to malingering).

*****

Accordingly, for the reasons stated above, the Court finds that the ALJ improperly discredited Plaintiff's subjective symptom testimony, and this is reversible error.

## CONCLUSION

The decision of whether to remand for further proceedings or order an immediate award of benefits is within the district court's discretion. *Harman v. Apfel*, 211 F.3d 1172, 1175-78 (9th Cir. 2000). When no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. *Id.* at 1179 ("the decision of whether to remand for further proceedings turns upon the likely utility of such proceedings"). But when there are outstanding issues that must be resolved before a determination of disability can be made, and it is not clear from the record the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate. *Id.*

The Court finds that remand is appropriate because the circumstances of this case suggest that further administrative review could remedy the ALJ's errors. *See INS v. Ventura*, 537 U.S. 12, 16 (2002) (upon reversal of an administrative determination, the proper course is remand for additional agency investigation or explanation, "except in rare circumstances"); *Treichler*, 775 F.3d at 1101 (remand

11

for award of benefits is inappropriate where "there is conflicting evidence, and not all essential factual issues have been resolved"); *Harman*, 211 F.3d at 1180-81. The Court has found that the ALJ erred at step four of the sequential evaluation process. Thus, remand is appropriate to allow the Commissioner to continue the sequential evaluation process starting at step four.

For all of the foregoing reasons, **IT IS ORDERED** that:

(1) the decision of the Commissioner is REVERSED and this matter REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Memorandum Opinion and Order; and

(2) Judgment be entered in favor of Plaintiff.

**IT IS HEREBY ORDERED.**

DATED: May 31, 2016 _____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE